EXHIBIT D



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM GLENN
   Vs.                                                C.A. No.        2013 CA 005864 B
GEORGETOWN UNIVERSITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge ANTHONY C EPSTEIN
Date:  August 27, 2013
Initial Conference: 9:30 am, Friday, December 13, 2013
Location:  Courtroom A-47
      515 5th Street NW
      WASHINGTON, DC  20001                                    Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

William GLENN
_____
Plaintiff

vs.

Case Number 13 - 0 0 0 5 8 6 4

GEORGETOWN UNIVERSITY
_____
Serve: Lisa Brown, General Counsel
37th & O Streets NW
Washington, DC 70037
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joshua A. Roe
_____
Name of Plaintiff's Attorney

1407 Highland Ave
_____
Address
Silver Spring MD 20910

202 350 0173
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 08 / 27 / 2013

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የትርጉም እርዳታ ከፈለጉ በ (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                        Demandante

contra

                        _____        Número de Caso: _____
_____
                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____

_____                        Subsecretario
Dirección

_____    Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오         የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
Civil Clerk's Office

AUG 2 7 2013

Superior Court of the
District of Columbia
Washington, D.C.

William GLENN,   )
   Plaintiff,   )
        )
Vs       )  Civil Action No.
        )
GEORGETOWN   )  **Complaint**
UNIVERSITY,   )  Jury Trial Demanded
   Defendant.  )

**13 - 0 0 0 5 8 6 4**

Serve:
Lisa Brown, General Counsel
37th & O Streets, N.W.
Washington, D.C. 20037
_____ )

Plaintiff, William GLENN, by counsel, for his Complaint states as follows:

1. William GLENN is an adult, African American Male residing in Washington
   D.C.

2. Georgetown University is a corporate entity located in Washington, D.C.

3. Plaintiff was employed by defendant on a full time basis as an electrician in the
   Low Voltage Electric shop on Defendant's Georgetown Campus, from 2007 until
   August 2012.

4. Plaintiff performed his duties for defendant successfully from October 2007 until
   his termination on August 27, 2012.

5. Prior to September 2011, plaintiff was supervised by Peter Taylor, an African
   American.

6. Plaintiff was living alone and was unable to afford phone service during much of
   2011-2012.  He did not have access to a phone when he was too ill to work.

7. Several times, prior to September 2011, plaintiff was unable to call in when he was ill. He was neither written up nor disciplined for failing to call in on the first day of illness, so long as he could verify a legitimate medical issue after the fact.

8. During 2011, Mr. Taylor ceased working at Georgetown. In September 2011, Thomas Crowley was appointed manager of the Low Voltage Shop and became plaintiff's supervisor. Mr. Crowley is white.

9. Mr. Payant has been the second level supervisor over Mr. Glenn and his supervisor at all relevant times. Mr. Payant is white.

10. On September 16, 2011, Mr. Glenn attended confined spaces safety training. He determined that Defendant was sending Facilities Management workers into confined spaces without implementing the safety measures specified by OSHA.

11. On September 20, 201, Mr. Glenn filed a grievance under the collective bargaining agreement between Defendant and SEIU Healthcare Local 1199. The grievance alleged that Defendant was violating OSHA regulations by sending workers into confined spaces without taking safety precautions as required by 29 C.F.R. 1910.146. Mr. Glenn sought relief to bring the practices into compliance.

12. On September 26, 2011, Mr. Payant met with Mr. Glenn in an effort to resolve the grievance. They were unable to agree on appropriate relief.

13. Within days after the September 26 meeting, Defendant, through Mr. Crowley began a campaign of retaliatory harassment that was sufficiently pervasive to create a hostile work environment by altering the terms, privileges and conditions of Plaintiff's employment.

2

14. Mr. Glenn was subjected to harassment that included: a) assigning him more work every time he was in the shop – even when he was waiting for items needed to complete pending assignments and even when other qualified electricians were available and were less busy; b) asking him why he was in the shop because he must not be busy enough; c) clearing all of plaintiff's personal items off his desk and throwing them away (but leaving all of the other desks untouched); d) taking away plaintiff's desk; d) sending him on confined space assignments without providing the required safety items.

15. The pattern of hostile treatment culminated in the imposition of progressive discipline against Mr. Glenn despite legitimate medical reasons for absences of less than two days:

    a. On October 26, 2011, Mr. Glenn missed one day of work due to illness and was not able to call in due to lack of a phone. Despite his legitimate medical reason, Mr. Crowley gave him what he described as a non-disciplinary verbal warning. Yet, the incident was recorded as a written warning in his file. Mr. Glenn asked how he could call without a phone. Mr. Crowley did not offer to make a Nextel phone available although such phones were available to other facilities maintenance staff.

    b. On November 13, Mr. Glenn was assigned to work a Sunday shift for the first time. He was unable to work due to illness on 13 November, but did not know what procedure to use for a call in as the normal person was not there on Sundays. When he returned to work on the 14th and asked Mr. Crowley how he should call in on Sundays, Crowley consulted with

3

management.  On November 19, he advised plaintiff that a formal warning would be placed in his file.  Yet he offered no solution to the problem of how to call in.  Mr. Glenn grieved the warning and specifically raised the pattern of retaliatory harassment and the fact that the resulting stress had caused gastritis which had caused him to miss work.  Mr. Crowley did not offer any change or any solution.  No step 2 grievance was scheduled.

    c.  On March 26, 2012, plaintiff injured his foot on the way to work and was unable to call in.  Once again, defendant ignored his legitimate medical absence and singled him out for a written reprimand.  He filed a second grievance for retaliatory harassment based on the pattern of hostile treatment and disparate work assignments.  Again, management determined that written discipline was in order and refused to ask Mr. Crowley to cease his pattern of harassment.

    d.  Plaintiff became ill on the 18th of August 2012 and sought urgent care on the 19th.  He was again unable to call in.  He was cleared to return to work on the 21st and appeared at the work site rather than risk another day without the ability to call in.  Mr. Crowley specified that Mr. Payant would decide what discipline was appropriate.  Defendant, by Mr. Payant, decided to terminate Mr. Glen's employment.

16. During the time from the September 26 meeting through the date Mr. Glenn was separated from employment, Defendant treated Mr. Glenn, who is African American, less favorably in the terms, privileges and conditions of employment than he treated white Maintenance workers in the facilities management

4

department. It disciplined plaintiff, but did not discipline others for equal or greater offenses.

    a.  For example, William Kiel, on information and belief, had many instances when he was not able to work, but failed to call in during the time from September 26, 2011 through August 2012, but was never "written up" or disciplined.

    b.  Mr. Kiel was assigned to easier, safer and more desirable tasks during the relevant time period;

    c.  Mr. Kiel was allowed to stay in the shop when he was not assigned tasks elsewhere and was allowed to keep his desk and his personal effects during the relevant time period.

    d.  Mr. Kiel was allowed light duty during June of 2012 in the form of an exemption from any service tickets, service calls, or requests to assist others with their assignments. Mr. Glenn was denied a request for light duty following his return from FMLA leave in August 2011.

    e.  Mr. Kiel was not disciplined when he was caught sleeping in his vehicle and elsewhere on the job.

    f.  George Lusk was allowed to sleep and live in the plumbing shop for at least five years and despite Mr. Payant's knowledge that he was sleeping there.

17. During the time from the September 26 meeting through the date Mr. Glenn was separated from employment, Defendant treated Mr. Glenn less favorably in the terms, privileges, and conditions of employment than it treated other maintenance

5

workers in the facilities management department who had not opposed practices they believed to be unlawful and unsafe and in violation of OSHA rules.

    a. For example, Aaron Richardson missed many days of work without discipline. He not only failed to call in, but misrepresented his status on at least one occasion. He twice missed three consecutive days without calling in during the time from June 2011 through February 2012. Yet, he was not separated from his employment.

18. Mr. Glenn opposed the discriminatory and retaliatory treatment he received from Mr. Crowley by raising the issue with Mr. Crowley, with Mr. Murphy and with the Human Resources Department. He specifically advised that the harassment was causing emotional distress that was making him physically ill. Defendant allowed Mr. Crowley to continue his campaign of harassment despite knowledge that it was continuing and that it was harming plaintiff.

## Count I – Wrongful Discharge Tort

19. Plaintiff incorporates the allegations of paragraphs 1-18 as if fully set forth herein.

20. Defendant is required by law to comply with OSHA regulations, including the confined spaces rule.

21. OSHA regulations represent a clear statement and mandate of public policy.

22. Plaintiff filed a grievance regarding what he believed to be violations of OSHA regulations by defendant. Mr. Payant participated directly in the grievance process.

23. Mr. Crowley was also aware of the grievance regarding OSHA violaitons.

24. Defendant initiated a program of retaliatory harassment and disparate discipline of plaintiff starting within days after he and Mr. Payant were unable to resolve the grievance and culminating in his removal from employment.

25. Mr. Payant, as a management representative of defendant, was aware of the OSHA grievance and of the pattern of harassment.  He personally participated in the decisions to impose disparate discipline culminating in termination of employment.

26. The pattern of harassment was sufficiently pervasive to cause plaintiff emotional distress with physical symptoms.  Defendant made the workplace objectively and subjectively hostile towards plaintiff.

27. The pattern of harassment included alterations in the privileges, terms and conditions of employment such as termination of employment, disparate work assignments, desk and shop privileges, reasonable accommodation of inability to call in, and exposure to dangerous conditions.

28. Defendant would not have engaged in the pattern of harassment but for plaintiff's filing of the OSHA grievance.  Participation in the protected activity was the proximate cause of the pattern of harassment culminating in termination.

29. Plaintiff suffered emotional distress as a result of the pattern of harassment and hostile environment.  He developed physical symptoms resulting from the stress.

30. Plaintiff was harmed by the loss of employment and by diminished earning capacity as a result of the termination of his employment.

WHEREFORE, plaintiff prays for relief as follows:

7

    a.   Back pay in an amount sufficient to make him whole;

    b.   Front pay to compensate him for lost earning capacity going forward; and

    c.   Non-economic damages in the amount of $500,000.

### Count II – Race Discrimination in Employment

31. Plaintiff incorporates the allegations of paragraphs 1-28 as if fully set forth herein.

32. Plaintiff is African American.

33. William Kiel is a white electrician employment by defendant in the low voltage shop.

34. Plaintiff was treated less favorably than Kiel in the terms of conditions of employment. These include harder and more dangerous job assignments; and denial of the privilege of relaxing in the shop that was afforded to Kiel.

35. Plaintiff was subject to disciplinary warnings and was ultimately terminated when he was unable to call in on days when he was too sick to work.

36. Mr. Kiel failed to call in on days when he missed work.  He was not subject to disciplinary warnings and was not terminated for comparable infractions.

37.  Defendant assigned Mr. Kiel to easier and more desirable tasks to accommodate medical needs.

38.  Claude is an African American electrician employed by defendant in the low voltage shop.  Defendant did not give him easier assignments to accommodate medical needs.

39. When plaintiff had a medical need for light duty, defendant refused to assign him to easier assignments.

40. Defendant's conduct violated the D.C. Human Relations Act.

41. Defendant was motivated by race discrimination in its decision to discipline plaintiff. He would not have lost his job but for the discriminatory motive.

42. Plaintiff suffered emotional distress as a result of the discriminatory treatment. He developed physical symptoms resulting from the stress.

WHEREFORE, plaintiff prays for relief as follows:

    a.  Reinstatement to his former position as an electrician in the low voltage shop; or front pay in lieu of reinstatement;

    b.  Back pay to make him whole for his losses;

    c.  Compensatory damages of $500,000;

    d.  Attorneys' fees, expenses, costs and expert witness fees; and

    e.  Such other relief as is just.

### Jury Demand

Plaintiff demands trial by jury as to all issues.

Filed this 27th day of August 2013.

Rose Legal Advocates, P.C.

By: _____

Joshua N. Rose (D.C. Bar # 420606)
1407 Highland Drive
Silver Spring, MD 20910

9

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM GLENN,          :
                              :
       Plaintiff         :
                              :    Case No.:0005864-13
   v.                  :    Judge Anthony C. Epstein
                              :    Next Court Date:  December 13, 2013
GEORGETOWN UNIVERSITY,   :    Event:  Initial Conference
                              :
       Defendant     :
                              :

---

## DEFENDANT GEORGETOWN UNIVERSITY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Georgetown University ("the University" or "Georgetown") by and through its

undersigned counsel, answers Plaintiff's Complaint as follows:

1.     Defendant admits that its employment records indicate that William Glenn self-

identified his race as African-American.  Defendant admits that William Glenn is an adult male.

Defendant denies the allegation in Paragraph 1 that Plaintiff resides in Washington, D.C. because

plaintiff has provided Georgetown's counsel with a mailing address in Upper Marlboro,

Maryland that matches the home address in his university employment records.

2.     Admitted.

3.     Defendant admits that Plaintiff was employed by the University as an Electrician

from October 9, 2007 until August 27, 2012.  Defendant admits that Plaintiff was assigned to

work in the Low Voltage Electric Shop on the Georgetown Campus.  Defendant admits that

Plaintiff was expected to work 40 hours per week and was classified as a "full time" employee.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 3 as phrased and, therefore, denies them.

4.      Defendant denies the allegations in Paragraph 4.

5.      Defendant admits that Peter Taylor was employed as the Low Voltage Electric Supervisor from April 2, 1990 until June 29, 2011. Defendant admits that its employment records indicate that Peter Taylor self-identified his race as African-American.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 as phrased and, therefore, denies them.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies them.

8.      Defendant admits that Thomas Crowley has been employed as the Low Voltage Electric Supervisor since September 4, 2011.  Defendant admits that its employment records indicate that Thomas Crowley self-identified his race as white.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 as phrased and, therefore, denies them.

9.      Defendant admits that Richard Payant has been employed as the Director of Facilities Management since January 6, 1992.  Defendant admits that its employment records indicate that Richard Payant self-identified his race as white.  Defendant admits that Mr. Payant served as Plaintiff's second level supervisor.  Except as specifically admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 as phrased and, therefore, denies them.

10.     Defendant denies the allegation that it violated the confined spaces regulations issued by OSHA.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies them.

11.     Defendant denies the allegation that it violated the confined spaces regulations issued by OSHA.  Defendant admits that Plaintiff filed a grievance on September 20, 2011. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.     Paragraph 13 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies them.

16.     Paragraph 16 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies that any employees engaged in harassing behavior.  With regard to the remainder of the allegations in Paragraph 18, Defendant lacks

3

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

### Count I – Wrongful Discharge Tort

19.     Defendant incorporates by reference the answers contained in Paragraphs 1-18, as if set forth fully herein.  To the extent an answer is required, Defendant denies the allegations in Paragraph 19.

20.     Paragraph 20 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 20.

21.     Paragraph 21 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 21.

22.     Defendant denies the allegation that it violated the confined spaces regulations issued by OSHA.  Defendant admits that Plaintiff filed a grievance on September 20, 2011.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies them.

23.     Defendant denies the allegation that it violated the confined spaces regulations issued by OSHA.  Defendant admits that Plaintiff filed a grievance on September 20, 2011.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.     Paragraph 24 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 25.

26.     Paragraph 26 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 29.

30.     Paragraph 30 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 30.

## Count II – Wrongful Discharge Tort

31.     Defendant incorporates by reference the answers contained in Paragraphs 1-28, as if set forth fully herein.  To the extent an answer is required, Defendant denies the allegations in Paragraph  31.

32.     Defendant admits that its employment records indicate that Plaintiff self-identified his race as African-American.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant admits that Plaintiff was subject to disciplinary warnings and was eventually dismissed "for persistently failing to follow proper departmental call-in procedures and excessive absenteeism" according to the Notice of Dismissal.  Except as specifically

admitted herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 as phrased and, therefore, denies them.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies them.

37.     Defendant cannot answer the allegation in Paragraph 37 because information collected by Defendant concerning an employee's medical condition is confidential.  In addition, the allegations in Paragraph 37 call for information that may be covered by the ADA and other relevant privacy laws.

38.     Defendant cannot answer the allegation in Paragraph 38 because information collected by Defendant concerning an employee's medical condition is confidential.  In addition, the allegations in Paragraph 38 call for information that may be covered by the ADA and other relevant privacy laws.

39.     Defendant denies the allegations in Paragraph 39.

40.     Paragraph 40 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 41.

42.     Paragraph 42 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 42.

43.     Defendant expressly denies any and all allegations in Plaintiff's Complaint not expressly admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant avers that Plaintiff's Complaint may have been improperly served.

## THIRD DEFENSE

Defendant avers that the Occupational Safety and Health Act provides specific civil remedies that supplant a tort claim for wrongful discharge.

## FOURTH DEFENSE

Defendant avers that some or all of Plaintiff's claims may be pre-empted in whole or part by the Occupational Safety and Health Act.

## FIFTH DEFENSE

Defendant avers that it complied at all relevant times with any and all applicable OSHA regulations, including the confined spaces regulations promulgated by OSHA.

## SIXTH DEFENSE

Defendant avers that some or all of Plaintiff's claims are or may be barred by the doctrine of collateral estoppel.

## SEVENTH DEFENSE

Defendant avers that some or all of Plaintiff's claims may be barred by the statute of limitations or repose.

## EIGHTH DEFENSE

Defendant avers that Plaintiff may have failed to mitigate his damages.

## NINTH DEFENSE

Defendant avers that Plaintiff failed to properly exhaust his administrative remedies.

## TENTH DEFENSE

The injuries, damages and losses allegedly suffered by Plaintiff are not causally related to the act or failure to act of Defendant.

## ELEVENTH DEFENSE

To the extent not covered by the preceding paragraphs and/or affirmative defenses, Defendant denies all factual assertions and claims for liability, and demands strict proof of each element of Plaintiff's claims.

For the foregoing reasons, Defendant respectfully requests that the Complaint filed against it be dismissed with prejudice, with costs and attorney's fees, and that Defendant be granted such other relief as the Court deems just and proper.

Respectfully submitted,


By:   /s/ Margaret D. Hedges
      Margaret D. Hedges (#467379)
      Melvin White (#422087)
      Clearspire Law Company, PLLC
      1747 Pennsylvania Avenue, NW
      Suite 200
      Washington, DC 20006
      (202) 595-9390/ m.white@clearspire.com
      (202) 595-0067/ m.hedges@clearspire.com

      *Counsel for Defendant Georgetown University*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 6th day of November, 2013, I caused a true and correct copy of the foregoing Defendant Georgetown University's Answer to Plaintiff's Complaint to be served *via* the Court's electronic filing and service system upon:

Joshua N. Rose, Esq.
Rose Legal Advocates, P.C.
1407 Highland Drive
Silver Spring, MD 20910
*Counsel for Plaintiff*


I also caused a true and correct copy of the foregoing to be served *via* U.S. Mail, first class, postage prepaid upon:

William Glenn
15 Sutton Court
Upper Marlboro, MD 20774

*Plaintiff (who represents that he is proceeding pro se)*


  /s/ Margaret D. Hedges
Margaret D. Hedges